UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

THE STATE OF COLORADO, through the
Colorado Natural Resources Trustees,

    Plaintiff,

v.

ROCKY MOUNTAIN AG, INC., a Colorado Corporation,

    Defendant.

## COMPLAINT

The State of Colorado ("State"), acting through the Executive Director of the Colorado Department of Public Health and Environment, the Executive Director of the Colorado Department of Natural Resources, and the Attorney General of the State of Colorado, who collectively serve as the Colorado Natural Resources Trustees ("Trustees"), file this complaint and allege as follows:

### NATURE OF THE ACTION

1. This is a civil action pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607(a), 9607(f), and 9613(g)(1), for the assessment of and recovery of damages for injury to, destruction of, or loss of natural resources of the State resulting from the release of hazardous substances within the Home Lake State Wildlife Area near Monte Vista, Colorado.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. §§ 9607 and 9613(b), and 28 U.S.C. §§ 1331 and 1345.

3. Venue is proper in this District pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b) and (c).

4. Rocky Mountain Ag, Inc. is subject to the personal jurisdiction of this Court due to its business operations in Monte Vista, Colorado, and Lamar, Colorado.

## PARTIES

5. Plaintiff, the State of Colorado, acting through the Trustees, has authority to bring this suit under CERCLA, 42 U.S.C. §§ 9607(a)(1) and (a)(4)(C), and 9607(f)(1), to recover damages for the assessment of and damages for injury to, destruction of, or loss of natural resources under their trusteeship.

6. Defendant Rocky Mountain Ag, Inc. ("Rocky Mountain Ag") is a Colorado Corporation in Good Standing. Colorado Secretary of State business records indicate that Rocky Mountain Ag has a principal office street address of 5668 U.S. Highway 160 E, Monte Vista, Colorado 81144. The Registered Agent for Rocky Mountain Ag is Allen H. Tinnes and the registered address is 10250 County Road SS, Lamar, Colorado 81052 which is located in Prowers County, Colorado.

7. Rocky Mountain Ag is a "person" under CERCLA, 42 U.S.C. § 9601(21).

8. Rocky Mountain Ag is an "owner" and "operator" of a "facility" under CERCLA, 42 U.S.C. §§ 9601(9) and (20)(A), and 9607(a)(1), from which hazardous substances were released.

## **GENERAL ALLEGATIONS**

9. Rocky Mountain Ag formed in 1977 and operates an aerial pesticide application service for farms in the San Luis Valley of Colorado.

10. Rocky Mountain Ag was hired by Mark Deacon of Circle D. Farms, Inc. ("Circle D. Farms") to treat a potato crop, referred to as Field #5, with herbicide on May 26, 2023.

11. On the morning of May 26, 2023, Rocky Mountain Ag made an aerial application of Tuscany SC Herbicide ("Tuscany") (United States Environmental Protection Agency ("EPA") Registration No. 71368-102) and Boundary 6.5 EC Herbicide ("Boundary") (EPA Registration No. 100-1162) to Circle D. Farms Field # 5. Field # 5 is directly south of Home Lake.

12. One of the active ingredients in Boundary is S-Metolachlor which is a more concentrated version of Metolachlor. Metolachlor is toxic to freshwater fish and aquatic invertebrates. Boundary's EPA-approved label prohibits application when wind speeds exceed ten miles per hour or during temperature inversions.

13. Metolachlor is a derivative of aniline, which is a designated hazardous substance under CERCLA, 42 U.S.C. § 9601(14).

14. Additionally, Boundary contains the active ingredient naphthalene - also a CERCLA designated hazardous substance. Naphthalene is toxic to fish and aquatic invertebrates.

15. The active ingredient in Tuscany is Flumioxazin. Flumioxazin is toxic to non-target plants and aquatic invertebrates. Tuscany's EPA-approved label prohibits

application when wind velocity is less than two miles per hour or more than ten miles per hour. The label also prohibits aerial application within 40 feet of lakes.

16. The invoice for the May 26, 2023, aerial application of Tuscany and Boundary to Field #5 states the application began at approximately 10:00 a.m. Data collected from a weather station located 0.75 miles southwest of Home Lake (KCOMONTE18) show that, at the time of the application, the wind was out of the south and southeast (150 to 179 degrees) at an average of 6.7-8.3 miles per hour with wind gusts from 10-16 miles per hour.

17. On May 31, 2023, Colorado Parks and Wildlife ("CPW") Aquatic Biologist Estevan Vigil conducted an investigation at Home Lake in response to a report from Rio Grande County that the Home Lake State Wildlife Area had been impacted by herbicide on the south and east shores of the lake. This investigation revealed the shores of the lake were lined with many thousands of big-eared radix snail carcasses, evidence of acutely toxic concentrations of hazardous substances. There was also visible damage to all broadleaf vegetation on the south and east shores of the lake.

18. On June 1, 2023, a CPW Water Property Technician, Tony Aloia, confirmed with the Circle D. Farms landowner that Field #5 directly south of the lake had been treated with Tuscany and Boundary. CPW closed the fishery at Home Lake to determine the potential effects of human consumption of fish from the lake.

19. The Trustees engaged a contractor - Jeff Morris from Abt Associates - to evaluate the scope of potential injuries to natural resources caused by the release of hazardous substances in Tuscany and Boundary into Home Lake. On June 14, 2023,

4

Mr. Morris observed many thousands of dead snails, evidence of acutely toxic concentrations of hazardous substances.

20. Mr. Morris collected water, soil, sediment and aquatic invertebrate samples from the shoreline and lake interior on June 14, 2023. A laboratory analysis of soil samples showed Metolachlor present in a sample collected at the southeast corner of the lake. Laboratory analysis of the water samples also showed Metolachlor present in all three samples collected at the southeast corner, middle and northwest corner of the lake.

21. Melynda May, Water Quality Program Coordinator for CPW analyzed the benthic aquatic invertebrate samples taken by Abt Associates on June 14, 2023, and found a significantly reduced population in the southeast corner of the lake.

22. Rocky Mountain Ag's aerial application of Tuscany and Boundary on May 26, 2023 - a day when south and southwesterly wind gusts exceeded label warnings for the herbicides being applied on Field #5 - caused the herbicides to drift into Home Lake.

23. The release attributable to Rocky Mountain Ag's ownership, actions, non-actions or conduct caused injury to, destruction of, or loss of natural resources, and the State has incurred costs associated with assessing such injuries, destruction or loss. The Trustees may act on behalf of the public to restore or replace the natural resources injured, lost, or destroyed as a result of Rocky Mountain Ag's ownership, actions, non-actions or conduct.

### FIRST CLAIM FOR RELIEF: NATURAL RESOURCE DAMAGES UNDER CERCLA 42 U.S.C. § 9607(a)

24. The allegations contained in the preceding paragraphs are incorporated herein by reference.

25. Rocky Mountain Ag is a "person" under CERCLA. 42 U.S.C. § 9601(22).

26. The aircraft owned and operated by Rocky Mountain Ag on May 26, 2023, is a "facility" under CERCLA. 42 U.S.C. § 9601(9). Rocky Mountain Ag is therefore an "owner" and an "operator" of a facility under CERCLA. 42. U.S.C. §§ 9601(20)(A), 9607(a)(1)-(2).

27. Tuscany is an herbicide containing Flumioxazin. Tuscany is toxic to non-target plants and aquatic invertebrates.

28. Boundary is an herbicide containing S-Metolachlor and Naphthalene. S-Metolachlor is a derivative of Aniline. Both Aniline and Naphthalene are listed "hazardous wastes" under the Resource Conservation and Recovery Act ("RCRA"). 42 U.S.C. § 9601 *et seq.*; *see* 40 C.F.R. § 261.33. As such, Aniline and Naphthalene are designated "hazardous substances" under CERCLA. 42 U.S.C. § 9601(14)(C); *see also* 40 C.F.R. § 302.4. Boundary is toxic to non-target plants and aquatic invertebrates.

29. When Tuscany and Boundary are mixed, the entire mixture is a "solid waste" as defined in RCRA § 9603(27) and a "hazardous waste" as defined in RCRA § 9603(5). *See also* 40 C.F.R. § 261.3(a)(2)(iv). As such, the entire mixture is a designated "hazardous substance" under CERCLA § 9601(14)(C). The Tuscany and Boundary mixture is toxic to non-target plants and aquatic invertebrates.

30. Rocky Mountain Ag's aerial application of Tuscany and Boundary from its aircraft onto Home Lake is a "release" of hazardous substances under CERCLA. 42 U.S.C. § 9601(22).

31. Home Lake is a state wildlife area comprised of natural resources belonging to and managed by the State.

32. The release of hazardous substances via aerial application onto Home Lake by Rocky Mountain Ag has caused injury to, destruction of, and loss of natural resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the State.

33. Rocky Mountain Ag is liable to the Trustees under CERCLA § 9607(a)(4)(C) and 9607(f)(1) for natural resource damages, including the costs of assessing injury.

## SECOND CLAIM FOR RELIEF: DECLARATORY JUDGMENT UNDER CERCLA 42 U.S.C. § 9613(g)(2)

34. The allegations contained in the preceding paragraphs are incorporated herein by reference.

35. CERCLA § 9613(g)(2) specifies that in any action for natural resource damages, "the court shall enter a declaratory judgment on liability . . . for damages . . . that will be binding on any subsequent action or actions to recover further . . . damages."

36. The Trustees are entitled to entry of a declaratory judgment that Rocky Mountain Ag is liable for natural resource damages, including assessment costs.

## PRAYER FOR RELIEF

WHEREFORE, the State requests this Court enter an order and judgment:

1. Declaring Rocky Mountain Ag liable for natural resource damages for injury to, destruction of, and loss of natural resources at Home Lake State Wildlife Area, including the reasonable costs of assessing such injury, destruction, loss, or loss of use resulting from the release of hazardous substances; and

7

2. Awarding the State damages for injury to, destruction of, or loss of natural resources in Colorado, including the reasonable costs of assessing such injury, destruction or loss resulting from the release of hazardous substances; and

3. Awarding the State such other relief as the Court may deem just and proper.

Dated February 14, 2025.

Respectfully submitted,

PHILIP J. WEISER
Attorney General

s/ Michelle Hickerson
*Michelle Hickerson**
Assistant Attorney General
Hazardous and Solid Waste/CERCLA Unit
Natural Resources and Environment Section
Office of the Attorney General
1300 Broadway, Denver, CO 80203
Telephone: (720) 508-6321
E-mail: shelley.hickerson@coag.gov

s/ Jason King
*Jason King**
Senior Assistant Attorney General
Hazardous and Solid Waste/CERCLA Unit
Natural Resources and Environment Section
Office of the Attorney General
1300 Broadway, Denver, CO 80203
Telephone: (720) 508-6283
E-mail: jason.king@coag.gov

Attorneys for State of Colorado
*Counsel of Record